IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RESOLUTION STRATEGIC DEVELOPMENT, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>POC Sweden AB, a Swedish corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE<br><br><br>Case No. 2:26-cv-00648-HCN-PK<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Ex Parte Motion for Service for Alternative Service.[1] For the reasons discussed below, the Court will grant Plaintiff's Motion.

## I. BACKGROUND

Plaintiff Resolution Strategic Development, Inc. ("RSD") filed this action on July 10, 2026, against Defendant POC Sweden AB ("POC"), a Swedish corporation with its principal place of business in Stockholm, Sweden, seeking declaratory and contractual relief arising from POC's breach of a written patent license agreement. Prior to filing suit, counsel for the parties had been discussing a potential resolution. When the parties reached an impasse, counsel for RSD filed suit and sent a copy of its proposed Complaint to counsel for POC.[2] Counsel for RSD and asked if counsel for POC was authorized to accept service.[3] POC's counsel responded that he was not

---

[1] Docket No. 8, filed July 27, 2026.

[2] Docket No. 8-2, at 2.

[3] *Id.*

1

authorized to accept service[4] and later stated that POC would not agree to waive service.[5] Plaintiff now seeks an order permitting it to effectuate service by emailing a copy of the Summons and Complaint to POC's United States counsel. Plaintiff explains that service through the Hague Service Convention would likely be time consuming, thereby delaying resolution of this case.

## II.  DISCUSSION

Federal Rule of Civil Procedure 4 governs service of process. As to foreign corporations like Defendant, Rule 4(f) permits foreign defendants to be served:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: . . .
(3) or by other means not prohibited by international agreement, as the court orders.

"Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3)."[6] So long as the method of service "comport[s] with constitutional notions of due process" and is not "prohibited by international agreement,"[7] it is permissible. The Supreme Court has determined that "due process requires service of process that is 'reasonably

---

[4] Docket No. 8-3, 2.

[5] Docket No. 8-5, at 2.

[6] *Love-Less Ash Co., Inc. v. Asia Pac. Constr., LLC*, No. 2:18-cv-00595-CW-DAO, 2021 WL 3679971, at *2 (D. Utah Aug. 19, 2021) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002), and collecting cases).

[7] *Inception Mining, Inc. v. Mother Lode Mining, Inc.*, No. 2:24-00171-CMR, 2024 WL 4696749, at *2 (D. Utah Nov. 6, 2024) (quoting *Rio Props.*, 284 F.3d at 1015).

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[8]

Applicable here, Sweeden is a signatory to the Hague Convention, which "does not expressly prohibit service by email."[9] Consequently, email has been permitted as a method of service comporting with constitutional notions of due process in this district and other jurisdictions when traditional methods of service prove difficult.[10] "Ultimately, and in compliance with international agreement, the decision to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court."[11]

Here, Plaintiff explains that service on POC would likely be time consuming, delaying resolution of this matter. Plaintiff also demonstrates that POC has actual notice of this action and its United States counsel has received a copy of the Complaint. POC's refusal to accept or waive service contravenes the principles behind Rules 1 and 4(d). Therefore, Plaintiff's request to serve POC via email to its United States counsel is granted.

---

[8] *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

[9] *Blackbird Cap. LLC v. Worth Grp. Cap., LLC*, No. 2:21-cv-00037, 2022 WL 464234, at *2 (D. Utah, Feb. 15, 2022).

[10] *See Heidicker v. Wasabi Ent., et al.*, No. 2:24-cv-00713-CMR, 2025 WL 1114205, at *2 (D. Utah Apr. 15, 2025) (permitting email service when the defendants were alleged to be avoiding service and when the plaintiff had previously successfully communicated with the defendants via email); *Love-Less Ash Co., Inc.*, 2025 WL 1114205, at *2 (permitting emailed service when the defendant would not provide a physical address for the plaintiff to send service); *Inception Mining*, 2024 WL 4696749, at *2 (permitting service by email when previous traditional attempts proved unfruitful); *Blackbird Cap.*, 2022 WL 464234, at *2 (permitting emailing service on a Canadian defendant at an email that had been successfully used for prior communications).

[11] *Heidicker*, 2025 WL 1114205, at * 2.

III.  CONCLUSION

It is therefore ORDERED:

(A) Plaintiff's Ex Parte Motion for Service for Alternative Service (Docket No. 8) is GRANTED.

(B) Plaintiff may effectuate service of its Complaint on Defendant by sending the Summons and Complaint to the Defendant's counsel's email addresses with a "request read receipt" and "request delivery receipt" function applied, three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from the Defendant acknowledging receipt).

(C) Plaintiff must serve a copy of this signed Order with the Summons and Complaint.

(D) Service of the Summons and Complaint will be complete once Plaintiff receives confirmation that the Summons and Complaint have been sent to and received by the Defendant.

(E) Plaintiff is required to file a declaration or proof of service once service on Defendant is complete.

DATED this 29th day of July, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

4